ROGĖRS *v.* OSBORNE.

INTEREST—OWNERSHIP—GIFT NOTE.

Where a promissory note bears annual interest and recites that on the death of the payee it is to become the property of a certain person, the principal not to be payable during the life of the payee if the interest is paid annually, the interest accruing after the last annual payment before the death of the payee belongs to the person to whom the note is given and not to the estate of the payee.

Error to Hillsdale; Chester, J. Submitted October 16, 1906. (Docket No. 55.) Decided December 17, 1906.

Assumpsit by Eli B. Rogers against Byron S. Osborne and Jessie L. Osborne for interest on a promissory note. There was judgment for defendants, and plaintiff brings error. Affirmed.

*G. F. Lewis* and *W. H. Frankhauser,* for appellant.

*Spencer D. Bishop,* for appellees.

CARPENTER, C. J. January 25, 1899, defendants, who are husband and wife, executed the following note:

"For value received, we promise to pay Frederick Fowler nineteen hundred and fifty-two dollars, with interest at six per cent. per annum. At the death of Frederick Fowler, this note becomes the property of his granddaughter, said Jessie L. Osborne, as evidence of his love and affection. No part of said principal, $1,952.00, to be paid during the lifetime of said Frederick Fowler, if interest is paid annually as above stated."

This note was secured by a mortgage containing a similar recital. Frederick Fowler, the grandfather of defendant Jessie, the payee and mortgagee above mentioned, died November 17, 1902. The annual interest above

mentioned was paid on the 25th of January of that year, and on the 25th of January of each preceding year. Plaintiff having, as he claims, acquired the rights of the estate, brings this suit to recover the interest on the note from January 25, 1902 (the date of the last payment), to November 17, 1902 (the date of Fowler's death). The cause was tried in the circuit court by the court, who made a finding of facts and rendered a judgment in favor of defendants. It is conceded that plaintiff's right to recover is to be determined by the construction of the note above set forth. If by the recital in that note Frederick Fowler gave the interest in controversy to defendant Jessie, the judgment is right.

The statement that, " at the death of Frederick Fowler, this note becomes the property of  *  *  *  said Jessie L. Osborne," clearly means that the amount unpaid on said note at the time of said death is given to said defendant Jessie. The intention to include in said amount unpaid interest accruing since the date of the payment of the annual interest is equally clear. That intention must be inferred because only the annual interest is to be paid during the lifetime of Frederick Fowler. The recital is to be construed as if it read :

"The annual interest on this note shall be paid to Frederick Fowler during his lifetime, and whatever is unpaid thereon at his death is given to Jessie L. Osborne."

It follows that the interest in controversy belongs to defendant Jessie, and cannot therefore be recovered by the plaintiff.

Upon the assumption that Frederick Fowler "reserved to himself during his natural life the income or interest on this $1,952.00," appellant's counsel cite many authorities upholding his contention that the interest in controversy belongs to plaintiff. These authorities are inapplicable, because, as already shown, the assumption is unfounded. Mr. Fowler did not reserve to himself during his natural life the interest earned by this principal. He

merely reserved to himself the annual interest, and he clearly indicated that he gave to defendant Jessie all interest which might accrue in the interval between the payment of the annual interest and his death.

The judgment is affirmed.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.